## 7736

### GORE v. JOHNSON.

SALE.—AN ACTION IN CLAIM AND DELIVERY lies on proof of a conditional
sale, breach of the condition and failure to comply with the contract
on demand.

Before GARY, J., Horry, April, 1910.   Reversed.

Action by A. C. T. Gore against A. P. Johnson.   From
order sustaining demurrer, plaintiff appeals.

*Mr. L. B. Singleton* for appellant: *Contract was for
exchange of property:* 11 Cyc. 831; 17 Cyc. 834, 833, 836-8;
845-6.   *Replevin is proper remedy in such case:* 1 A. K.
Marsh 71; 29 Me. 341; 38 Wis. 216; 64 Me. 315; 17 Cyc.
846-7.   *As to construction of pleading:* 70 S. C. 277; 65
S. C. 285.   *Claim and delivery may be predicated on an
equitable claim:* 14 S. C. 112; 45 S. C. 391; 40 S. C. 540;
28 S. C. 86; 47 S. C. 322; 49 S. C. 480; 45 S. C. 118; 15
S. C. 35; Cobbey on Replevin, Secs. 794, 824-1148; 53
S. C. 95; 50 S. C., 428.

*Messrs. H. H. Woodward* and *W. F. Stackhouse,* contra

December 6, 1910.   The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.   In this action of claim and delivery
the Circuit Court sustained a demurrer holding that the
complaint failed to state facts sufficient to constitute a cause
of action.   The allegations of the complaint on which the
appeal depends are as follows: "That on or about said day
said plaintiff entered into a contract with said defendant,
whereby he bartered, exchanged and delivered the above
described mule to the said defendant, and his certain prom-
issory note in writing for $30.00, due and payable on the
15th day of September, A. D. 1909, in exchange for another

mule which he then received from the said defendant. That the said defendant guaranteed the mule which he delivered to this plaintiff to be perfectly sound, and free from all defects; and promised and agreed that the plaintiff should take it and try it for one week, and that if he found any defect, or if it should not fully comply with all his representations, and the said plaintiff should return the said mule to him within the period of one week, and demand his note and mule back, he, the said defendant would return both the said note and the mule first above mentioned and described. That this plaintiff relied upon the promises and representations of the said defendant in making the said exchange. That plaintiff found the mule which he received from the defendant to be diseased and unsound and of no value. That within the period limited this plaintiff returned the said mule which he had received from said defendant to the defendant, and tendered the same to him, and demanded from him his mule and said note, but that the said defendant failed and refused to keep his covenants, promises and agreements, and failed and refused to deliver the said mule and note, and still refuses to deliver same, and still unjustly detains the same from the possession of this plaintiff, to his damage two hundred dollars."

This was an allegation of a conditional sale, a breach of the condition, a contract on the part of the defendant to return the note and mule upon breach of the condition and a failure to comply with the contract on demand of the plaintiff. Upon proof of the alleged facts the plaintiff will be clearly entitled to recover the possession of the note and mule. It follows that the Circuit Court erred in sustaining the demurrer.

It is the judgment of this Court that the judgment of the Circuit Court be reversed.